UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JESUS OSTOS SANGRONIS,

Petitioner,

v. Case No. 3:26-cv-2156-MMH-PDB

WARDEN, FLORIDA BAKER CORRECTIONAL INSTITUTE, et al.,

Respondents.

---

**ORDER**

Petitioner Jesus Ostos Sangronis, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1) on August 19, 2026. See generally Petition. The Federal Respondents assert that Ostos Sangronis, a citizen of Venezuela, was paroled into the United States on December 11, 2024.[1] See Respondents' Opposition to Petition for Writ of Habeas Corpus (Doc. 7; Response) at 2. On July 31, 2026, United States Immigration and Customs Enforcement (ICE) detained Ostos Sangronis. Petition at 1. As relief, he seeks, inter alia, immediate release. Id. at 7.

---

[1] To support this contention, the Federal Respondents cite a document that contains internal contradictions as to whether Ostos Sangronis was paroled into the United States. Compare Doc. 7-2 at 2 ("Subject was not admitted or paroled after inspection . . . .") with id. at 2–3 ("Subject was served with a WA/NTA and paroled into the US . . . ."). Ultimately, this discrepancy does not affect the Court's ruling because Ostos Sangronis is entitled to a bond hearing either way.

The Federal Respondents understand Ostos Sangronis to argue that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See generally Response. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Ostos Sangronis, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Ostos Sangronis was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Ostos Sangronis's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven days** of

[2] Because the Court finds that Ostos Sangronis is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

this Order, Respondents shall either afford Ostos Sangronis an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Ostos Sangronis, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of October, 2026.

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record